(43 South. 157.)

No. 16,470.

CITY OF NEW ORLEANS v. BOARD OF LIQUIDATION OF CITY DEBT et al.

(Feb. 18, 1907.)

1. DEPOSITORIES—FISCAL AGENT—SELECTION.
    The board of liquidation of the city debt has the right to select its own fiscal agent or depository, and Act No. 110, p. 144 of 1890, does not impose on the board the specific duty to select an interest-paying bank as its fiscal agent, but the board may do so in its discretion.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositaries, § 20.]

2. SAME.
    Act No. 128, p. 214, of 1906, is a penal statute which can have no retrospective operation, and therefore cannot affect the selection of a fiscal agent made prior to its passage.

3. APPEAL—REVIEW—QUESTIONS.
    Courts are organized to adjudge concrete cases, and not to express opinions on questions of general duty.

(Syllabus by the Court.)

Appeal from Civil District Court, parish of Orleans; John St. Paul, Judge.

Action by the city of New Orleans against the board of liquidation of the city debt and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Samuel Louis Gilmore, City Atty., for appellant. Miller, Dufour & Dufour, for appellee Board of Liquidation. Gustave Lemle, for appellee New Orleans National Bank.

LAND, J. This suit was instituted on June 8, 1906, against the board of liquidation of the city debt, the New Orleans National Bank, and the Interstate Trust & Banking Company, for the following purposes, to wit: (1) To restrain the Interstate Trust & Banking Company from paying over to the New Orleans National Bank the proceeds of the 1 per cent. debt tax in the hands of the former, without prejudice to the right of said board to draw said funds for any and all expenditures authorized by law; (2) to annul the resolution of said board of June 6, 1906, designating the New Orleans National Bank as depository of the funds of said board without interest; and (3) to have it decreed to be the duty of said board to deposit the proceeds of the said 1 per cent. debt tax in some bank or banks, "who stipulate and agree to pay interest on the daily balances thereof, such bank or banks to be selected by said board."

An injunction pendente lite was refused, and the suit was dismissed on an exception of no cause of action. The plaintiff city has appealed.

The petition discloses that on June 6, 1906, the board of liquidation elected the New Orleans National Bank as the depository of the proceeds of the 1 per cent. debt tax under the provisions of Act No. 110, p. 144, of 1890.

In State v. Briede, 117 La. 183, 41 South. 487, this court affirmed the right of the board of liquidation to select its own fiscal agent or depository for the proceeds of said tax, and negatived the right of the Interstate Trust & Banking Company, as fiscal agent of the city of New Orleans, to receive or retain the proceeds of said special tax.

This decision disposes of the first contention raised in plaintiff's petition.

The second and third contentions, taken together, raise the question of the legal duty of the board of liquidation to exact interest on the daily balances of deposits in the hands of its fiscal agent. There is no such duty imposed by Act No. 110, p. 144, of 1890. After the institution of this suit, the General

Assembly of 1906 passed an act, the third section of which reads as follows:

"Be it further enacted, etc: That any member of any public board, body or commission created by, and now or hereafter existing under the laws of this state, and charged with the custody, control or expenditure of any monies derived from taxation or other public funds required by existing laws to be deposited in any chartered bank of this state or in any depository which said public board, body or commission is given by law the right to designate or select, who shall vote to award, or who shall do any act to secure the custody or deposit of such public funds to or with any bank or depository which will not pay interest thereon when there shall exist any other bank or banks chartered under the laws of this state in the parish in which said board is located or maintains its office or keeps its records, which are willing or shall offer to pay interest on such public funds, and to give security therefor, shall be deemed guilty of a misdemeanor, and shall on conviction thereof be fined not less than one thousand dollars, or be imprisoned not less than six months, nor more than one year, or both." Act No. 128, p. 215, of 1906.

It seems to be conceded by counsel on both sides that a similar act, directed expressly against the defendant board, passed during the legislative session of 1906, was vetoed by the Governor, and the veto was sustained. After referring to Act 128, p. 214, of 1906, the judge a quo says:

"The terms of the act are indeed broad enough to include the defendant; but, when it is recalled that a statute of similar import and including defendant by name, passed at the same session of the Legislature, was vetoed by the Governor because of the very fact that it applied to this defendant, and the veto sustained, it is fair to assume (independent entirely of the reason for the veto) that Legislature did not intend to include the defendant in the statute which did become law. Be that, however, as it may, the statute, if applicable to the defendant, is to that extent unconstitutional, as impairing in the most essential feature the contract between the city and its bondholders."

Act No. 128, p. 214, of 1906, is a penal statute which can have no retrospective operation. It provides for the future, and makes it a misdemeanor for any member of, any public board to vote to award, or to do any other act to secure, the custody or deposit, without interest, of public funds with any

118 LA.—18

bank or depository, under certain conditions. The statute can have no application to the selection of a depository made prior to the date of its passage. Whether or how far the provisions of the act may affect the members of defendant board is a question that can properly arise only in a criminal prosecution before a competent tribunal. The constitutionality of the act is not at issue in the case at bar. The only question now before the court is whether the selection of the New Orleans National Bank was lawful when made. This selection is assailed on the ground that it was the duty of the defendant to select a depository, which would pay interest on deposits. There was no such statutory duty imposed on the board by Act No. 110, p. 144, of 1890. Act No. 85, p. 117, of 1902, while requiring the board to deposit the surplus of the 1 per cent. debt tax in such · bank or banks as the board shall elect, paying the highest rate of interest therefor, consistent with the safety of such deposits, provides for the deposit in the same manner of the entire proceeds of the same tax after July 1, 1942, the date of the maturity of the constitutional bonds provided by Act No. 110, p. 144, of 1890. The act of 1902 thus excepted from the duty to deposit, as above mentioned, the proceeds of the tax dedicated to the payment of the bonds. It necessarily follows that, in the absence of statutory law requiring the board to deposit the proceeds of the 1 per cent. debt tax in a bank or banks paying interest, the matter is left to the sound discretion and sense of duty of the board. As already stated, Act. No. 128, p. 214, of 1906, was passed after the selection of the depository, and after the institution of the present suit, and we express no opinion on its legal effect as to the defendant board.

It will be time enough to construe and enforce Act No. 128, p. 214, of 1906, when some concrete case arising under its provisions is brought before us for determination. For

this court to decree the general duty of the board would amount to a mere expression of opinion.

Judgment affirmed.

.NICHOLLS, J., takes no part, not having heard the argument.

MONROE, J. I concur in the decree, but dissent from the opinion in so far as it may authorize the inference that the defendant board is not bound, as an administrator of funds belonging to others, to so administer them as to earn a profit for the owners when such a course can be pursued with equal safety to the fund.

PROVOSTY, J. I concur in the view expressed by Mr. Justice MONROE.